**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3932-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DUAN SHAHEED,

    Defendant-Appellant.

_____

Submitted April 3, 2019 – Decided April 16, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-04-1155.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Theodore N. Stevens, II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Serving consecutive twenty-year sentences for first-degree carjacking and first-degree robbery, and concurrent sentences for seven other crimes, including first-degree aggravated manslaughter, defendant, Duan Shaheed, appeals from an April 3, 2018 amended order that denied his petition for post-conviction relief (PCR) after an evidentiary hearing. Judge Nancy Sivilli issued the order after the alleged eyewitness, who defendant said would provide exculpatory testimony, testified at the remand hearing he was incarcerated on the night the crimes were committed. We affirm.

The procedural history of this case and the facts resulting in defendant's convictions are detailed in our opinions that affirmed defendant's convictions on direct appeal, State v. Shaheed, No. A-2654-02 (App. Div. May 5, 2006), and reversed and remanded the denial without a hearing of his PCR petition, State v. Shaheed, No. A-2110-14 (App. Div. Oct. 6, 2016). We summarized the facts in our 2006 opinion:

> At approximately 8:45 p.m. on December 19, 1998, Henderson and Francois were in Francois's car stopped at a traffic light at the intersection of Park Avenue and Washington Street, East Orange. The car was a blue four-door 1998 Mazda Millenia with factory-tinted windows, star-shaped chrome rims, and New Jersey License Plate No. WH774E. While stopped at the light, another vehicle pulled up along the driver's side of Francois's car. Francois and Henderson saw two men exit from the vehicle, each possessing a gun, and

approach Francois's car, one on each side. The men told Henderson and Francois to exit the vehicle and give them their jackets. As Francois exited the vehicle, he heard two or three gunshots. The assailants took Francois's and Henderson's jackets, together with $40 to $50 from Henderson, and then drove off in Francois's car, after which Francois telephoned the police.

At approximately 9:30 p.m., the same evening, J.B. and T.W.[, two juveniles,] were walking on a sidewalk in Irvington. J.B. observed a "blue Mazda," fitting the description of Francois's automobile down to the license plate number, stop about forty-five feet in front of them. An individual exited the Mazda, walked back past J.B. and T.W., and then turned around and followed them. As they were walking, J.B. heard the individual behind them say "Take it off," which J.B. understood to mean his jacket. J.B. took off his jacket, and gave it to the individual. The assailant demanded money, but J.B. and T.W. did not have any. The perpetrator returned to the Blue Mazda and drove away.

At about 10:30 p.m. the same night, Velez and Santiago were walking on Wright Street towards Frelinghuysen Avenue, Newark. As they approached the intersection, Velez observed "a dark color Mazda Millenia" with "five-point star" chrome rims driving south on Frelinghuysen Avenue towards the intersection with two people in the front and either two or three people in the back. As the vehicle pulled to the curb at the intersection, Velez saw the right front passenger door open, and someone say "Yo, holdup," and the front passenger started shooting. When Velez heard the shots, he ran from the intersection and did not look back. Santiago ran about five or six feet in the opposite direction, and was shot, falling to the ground. After hiding for about ten or fifteen minutes, Velez returned to the intersection, and saw Santiago lying

3

> face down in a pool of blood. Santiago was pronounced dead on the morning of December 20, 1998. According to the Medical Examiner, his "cause of death was a gunshot wound of neck and head."
>
> [Shaheed, No. A-2654-02, slip op. at 5-7.]

At trial, two of the victims identified defendant as one of the robbers and the shooter. Id. slip op. at 9-10.

We previously reversed the order that denied defendant's PCR petition without a hearing. We remanded for a hearing to determine whether defendant's trial counsel was ineffective for failing to interview and present the testimony of an alleged eyewitness, Mark Caldwell. Shaheed, No. A-2110-14, slip op. at 16. In support of his PCR petition, defendant had presented Caldwell's certification, in which Caldwell averred he witnessed a co-defendant, Kyle Herrill[1], and another man — not defendant — steal the car involved in the crimes.

During the remand hearing, defendant's counsel called Caldwell as a witness. When defense counsel asked Caldwell where he was when the crimes were committed, he replied, "locked up." Caldwell testified that he was locked up at a "youth house." He also testified that he is currently serving a life

---

[1] The co-defendant, Herril, pled guilty to conspiracy to commit aggravated arson and aggravated arson for setting fire to the stolen car.

sentence for murder in New Jersey State Prison. He said he met defendant in prison, he knew about defendant's "situation," and offered to prepare the certification, which he typed himself. He claimed he had heard the information he put in the certification, and that Herrill told him the "guy that burnt the car . . . is named Pootah Shaheed," not defendant.

Defendant also testified at the remand hearing. He claimed he was driving a car in which co-defendant Herrill and a friend of Herrill were passengers. They asked him to pull over so they could relieve themselves and he saw them steal a car parked with the engine running. He followed them for a while, but lost them, so he drove off without them.

Based on Caldwell's testimony, Judge Sivilli denied defendant's PCR petition. In a written decision, she concluded that in view of Caldwell's testimony that he was locked up when the crimes were committed, his statements were inadmissible hearsay. Defendant thus failed to carry his burden of proving the two-pronged test of ineffective assistance of counsel as required by Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987).

Defendant presents a single argument on appeal:

I.  THE PCR COURT ERRED IN RULING THAT SHAHEED RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL IN CONNECTION WITH THE TRIAL COUNSEL'S FAILURE TO INTERVIEW A CRITICAL WITNESS.

We affirm, substantially for the reasons expressed by Judge Sivilli in her written decision. Defendant's argument is without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3932-17T4